PETROPLUS, JUDGE:
Thomas Oliver Mucklow, claimant, a student in the College of Law of West Virginia University, brought this claim to be reimbursed for excessive tuition charges, in the amount of $1595.00, made by the University by improperly changing his status from a resident student to a nonresident student beginning with the second semester of the 1967-68 school year. The University administration later recognizing its error restored claimant’s residency status and made a partial restitution to him of the excess charge, paying him the sum of $650.00 in January, 1971, leaving a balance owing to him in the amount of $1595.00. The amount is not in controversy. The only issue is whether change of status was justified.
The only reason we can find in the transcript of evidence taken at the hearing for changing his status from a resident student to a nonresident student was the remarriage of his mother in 1966 and her moving to Michigan and later to South Dakota, when the claimant was eighteen years of age. All other circumstances confirm his West Virginia residency. He was born in Morgantown, West Virginia, on January 24, 1948, and has lived in West Virginia all his life, never changing his residence to any other city or state. After his mother moved from West Virginia, he did not follow her but continued to live in Morgantown and visited her in Michigan occasionally during the summers or on holidays, never remaining with her for more than two weeks at the time. He graduated from West Virginia University in May, 1969, and entered Law School the following semester in *61 1969. He has always maintained a West Virginia Operator’s License, driven cars purchased, titled, and licensed in West Virginia. In 1969, he registered as a voter in Monongalia County, West Virginia, and paid property taxes in said county since 1968. Because of the death of his father in an airplance crash in 1958, he received benefits from the Department of Health, Education and Welfare, Social Security Administration, which he used to maintain himself and pay for his education. He registered with the Local Board of the Selective Service System in Morgantown, was married on August 14, 1971, and lived in a trailer after his mother moved from the State, later moving to an apartment in Morgantown. He was never adopted by his stepfather and his mother had been appointed a legal guardian for him in Monongalia County during his minority. In the summers he worked in Morgantown, received little financial support from his mother, and occupied his brother’s bedroom whenever he visited his mother.
In view of this overwhelming evidence of residence and complete emancipation of a minor, self-supporting and with an independent source of income, we must conclude that the University’s change of status because of the remarriage of his mother and her subsequent removal from the State was unreasonable and arbitrary, and totally unsupported by any facts indicating residency out of the State.
For the foregoing reasons, an award to the claimant in the amount of $1595.00 for excessive tuition paid is approved as a moral obligation of the State. The respondent introduced no evidence at the hearing in contradiction of any of the above mentioned facts.
Claim allowed in the amount of $1595.00.